
RECEIVED
OCT 2 8 2005
ROBE... ... CLERK
WESTERN D... ... LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **BRIAN A. BROUSSARD** | **CIVIL ACTION NO.04-2264** |
| **VS.** | **JUDGE HAIK** |
| **CALLON PETROLEUM CO.** | **MAGISTRATE JUDGE METHVIN** |

### RULING ON MOTION TO COMPEL
*(Rec. Doc. 23)*

Before the court is the Motion to Compel Discovery Responses filed by defendant Callon Petroleum Company. Plaintiff filed an opposition and defendant filed a reply thereto.[1]

In February, 2005, defendant propounded Interrogatories and Requests for Production of Documents on plaintiff, which included requests that plaintiff provide tax records, as well as sign certain attached authorizations allowing defendant to obtain records from medical, social security, tax, employment, military, worker's compensation, educational, unemployment, Department of Motor Vehicles, and Louisiana Public Safety and Corrections sources. On September 15, 2005, plaintiff responded to the discovery requests, but refused to provide the tax information, his social security number, and sign the authorizations. Defendant maintains that it is entitled to a court order compelling plaintiff to provide the tax information and to sign the authorizations.[2]

Requests for authorizations for the release of records are generally proper under Fed. R. of Civ. Proc. 34, which allows for production of documents "which are in the possession, custody, or control" of the party upon whom the request is served. *See* McKnight v. Blanchard,

---

[1] Rec. Docs. 30 and 33.

[2] Defendant has plaintiff's social security number.

667 F.2d 477, 481-82 (5th Cir. 1982); Phillips v. Insurance Company of North America, 633 F.2d 1165, 1167-68 (5th Cir. 1981). As the court in Allen v. Indian Harbor Marine, Inc., 1997 WL 666210, *1 (E.D.La.) stated, "Brevity and the obvious answer militates in favor of foregoing the page length string cite consisting of a legion of cases which hold either implicitly or explicitly, that Rule 34 in tandem with Rule 37 empowers district courts to compel parties to sign written authorizations consenting to the production of various documents."

Plaintiff maintains that the information concerning his economic records, such as tax information, Social Security earnings, employment records and unemployment compensation records, are not relevant to this case. Plaintiff also argues that defendant has not shown a "compelling need" for income tax returns. *See* Natural Gas Pipeline Co. of America v. Energy Gathering, Inc., 2 F.3d 1397 (5th Cir. 1993) *citing* SEC v. Cymaticolor, 106 F.R.D. 545 (S.D.N.Y. 1985). Plaintiff asserts that he is seeking damages for loss of earning capacity, not past lost earnings, and therefore, the information concerning his economic situation in the past is not relevant. Defendant notes that in order to determine plaintiff's loss of earning capacity, it is necessary to assess his prior earnings.

Plaintiff has clearly placed his earning capacity at issue. Accordingly, the authorizations for release of economic information are reasonably calculated to lead to the discovery of evidence regarding the amount of plaintiff's loss of earning capacity. Further, defendant has demonstrated that in order to counter plaintiff's economic damage assessment, defendant has a compelling need for the income tax information.

Additionally, plaintiff argues that he is not required to sign blanket authorizations and that the information that would be obtained by the various authorizations would violate his

privacy rights.³ In Lischka v. Tidewater Services, Inc., 1997 WL 27066, *2 (E.D.La.,1997) the court compelled the plaintiff to sign blank authorizations, citing a long line of federal cases holding that federal courts are empowered "to compel parties to sign written authorizations consenting to the production of various documents." Id. at *2.⁴ Further, the undersigned has previously ordered blank authorizations to be signed. Fontenot v. Global Santa Fe Drilling Co., CA 02-2252.

For the foregoing reasons, defendant is entitled to an order compelling plaintiff to provide signed authorizations as requested. Since plaintiff will sign an authorization for income tax records, there is no need for duplication by plaintiff also providing the same records. Further, in order to protect plaintiff's privacy interests, the parties shall execute a joint confidentiality order to govern the use of the documents. Additionally, defendant shall not have verbal communication with the providers. Finally, defendant shall provide plaintiff with copies of all documents obtained through the use of the authorizations.

---

³ Plaintiff also refers to the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 160, et seq ("HIPPA") as being violated by the proposed authorizations, however, he does not provide further support for this argument. A review of HIPPA shows that it does not require that specific health care providers be identified in order for a medical authorization to be valid.

⁴ The court also found that since the federal rules addressed the issue of authorizations, federal courts were bound by the federal rule rather than Louisiana Code of Civ. Proc. Art. 1465.1. LA C.C.P. Art. 1465.1(A) provides:
> Any party may serve upon the plaintiff or upon any other party whose medical records are relevant to an issue in the case a request that the plaintiff or other authorized person sign a medical records release authorizing the health care provider to release to the requesting party the medical records of the party whose medical condition is at issue. The release shall be directed to a specific health care provider, shall authorize the release of medical records only, and shall state that the release does not authorize verbal communications by the health care provider to the requesting party.

In removal actions, the Federal Rules of Civil Procedure govern discovery, despite contrary state law. Willy v. Coastal Corporation, 503 U.S. 131, 134-35, (1992), reh. denied 504 U.S. 935 (1992). See also Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 428, 116 S.Ct. 2211, 2220, 135 L.Ed.2d 659 (1996) ("It is settled that if the rule in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the federal rule applies regardless of contrary state law.")

Fed. R. Civ. P. 37 provides for the imposition of an award of attorney's fees and costs when a motion to compel is granted "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Here, considering that some of plaintiff's proposed parameters for the authorizations were adopted herein, the undersigned concludes that circumstances do not warrant the imposition of sanctions.

**IT IS HEREBY ORDERED** that the motion to compel is **GRANTED**. Plaintiff shall provide signed authorizations within five days of the date of this ruling.

**IT IS FURTHER ORDERED** that the request for sanctions is **DENIED**.

**IT IS FURTHER ORDERED** that within ten days of the date of this ruling, the parties shall execute and submit a joint confidentiality order for entry by the court.

Signed at Lafayette, Louisiana on _October 28_, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT by fax
DATE 10.28.05
BY MM
TO Broussard
Davis
Kay
McCann
MEM
CG